# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

THOMAS L. MASSEY JR.,

  Plaintiff,

  v.

JUDGE MICHEAL ROBIN SPAAN, *et al.*,

  Defendants.

Case No. 3:24-cv-00018-SLG-KFR

**REPORT AND RECOMMENDATION RE COMPLAINT
FOR VIOLATION OF CIVIL RIGHTS**

  Before the Court is a Complaint for Violation of Civil Rights ("Complaint") filed by Plaintiff Thomas L. Massey Jr., who represents himself in this matter.[1] Because Plaintiff has also filed an application to waive the filing fee, the Court must screen the Complaint and dismiss it if the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[2] Here, the Court finds that Plaintiff's claims arise from actions taken by various judges during a state court proceeding to which Plaintiff was a party; however, those judges are absolutely immune from suit for acts performed in their official capacities. Therefore, Plaintiff fails to state a claim upon which relief can be granted. Because amendment of the Complaint would be futile, the Court recommends that Plaintiff's claims be **DISMISSED with prejudice.**

  **I. BACKGROUND AND PROCEDURAL HISTORY**

  Approximately one decade ago, Plaintiff was convicted of second-degree escape after a bench trial in Alaska Superior Court and was sentenced to a term of

---

[1] Doc. 1.
[2] 28 U.S.C. § 1915(e)(2).

six years in prison.³ Plaintiff appealed his conviction to the Alaska Court of Appeals, which reversed on the ground that Plaintiff was denied his right to self-representation.⁴ In 2022, after another bench trial on the same charge, Plaintiff was acquitted by the Superior Court.⁵

In January 2024, Plaintiff filed the present Complaint in federal district court against Judges Wolverton, Volland, and Spaan, three Superior Court judges who at various points presided over Plaintiff's state criminal proceeding.⁶ Plaintiff claims that these three judges, acting in their official capacities under color of state law, violated his Sixth Amendment right to self-representation by, respectively: (1) ignoring Plaintiff's request to represent himself and forbidding him from speaking during a court proceeding; (2) refusing to reopen Plaintiff's self-representation request based on a mistaken understanding that the request had already been denied; and (3) convicting Plaintiff of second-degree escape and imposing sentence despite Plaintiff's complaints that his self-representation requests had previously been ignored.⁷ Plaintiff alleges several injuries connected to his imprisonment, including loss of his relationship with his children, loss of employment opportunities, and loss of mental stability.⁸ Plaintiff seeks relief in the form of money damages.⁹

---

³ Doc. 1-1 at 8, 10. In his Complaint, Plaintiff states that the attached Alaska Court of Appeals decision pertaining to his conviction "[w]ill serve as evidence of dates, persons involved[,] [a]nd violations of [his constitutional rights]." Doc. 1 at 4. Plaintiff does not provide his own description of the facts relevant to this federal case beyond that he was convicted of second-degree escape, that he was sentenced to a term of six years in prison, and that he was later retried for the same offense and acquitted. *Id.* Given Plaintiff's stated desire to rely on the Alaska Court of Appeals' decision as evidence of pertinent facts in his federal case, the Court draws on that decision for facts needed to contextualize Plaintiff's claims.

⁴ Doc. 1-1 at 8; *see also Faretta v. California*, 422 U.S. 806, 819 (1975) (holding that the Sixth Amendment grants a criminal defendant "personally the right to make his defense).

⁵ Doc. 1-1 at 16.

⁶ *Id.* at 1.

⁷ Docs. 1 at 2–4; 1-1 at 9–11.

⁸ Doc. 1 at 5.

⁹ *Id.* (seeking recovery of Alaska Permanent Fund Dividend for each year Plaintiff was

In support of his Complaint, Plaintiff filed several exhibits, including copies of the Court of Appeals' 2018 decision reversing his conviction, the Superior Court's 2022 judgment of acquittal, Plaintiff's medical records, and documents pertaining to his 2011 divorce.[10] Plaintiff also separately filed an application to waive the filing fee in this case.[11]

The Court now screens Plaintiff's Amended Complaint in accordance with 28 U.S.C. § 1915(e).

## II. SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.[12]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face." In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or

---

incarcerated, refund of child support, refund of "all money" Plaintiff spent while incarcerated, and compensation for wrongful conviction and imprisonment).
[10] Docs. 1-1; 1-2.
[11] Doc. 2.
[12] 28 U.S.C. § 1915(e)(2).

R&R re Complaint
*Massey v. Spaan, et al.*
3:24-cv-00018-SLG-KFR

3

Case 3:24-cv-00018-SLG-KFR   Document 6   Filed 05/22/24   Page 3 of 6

otherwise address the problems, unless to do so would be futile. Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[13]

## III. DISCUSSION

Plaintiff brings his claims under 42 U.S.C. § 1983, the federal civil rights statute. Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights.[14] To state a claim under § 1983, a plaintiff must allege both (1) a deprivation of a right secured by the Constitution or created by federal statute, and (2) that the deprivation was committed by a person acting under color of state law.[15]

Certain persons are immune from suit in an action brought under § 1983. Relevant here, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[16] Judicial immunity also "extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity."[17] "Judicial immunity applies 'however erroneous the [judge's] act may have been, and however injurious in its consequences it may have proved to the [p]laintiff.'"[18] Judicial immunity cannot be "overcome by allegations of bad faith or malice";[19] rather, it applies "even when the judge is accused of acting maliciously or

---

[13] *See Schreiber Dist. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[14] *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).
[15] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
[16] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (en banc) (citations omitted).
[17] *Sheakley v. Van de Mark*, No. 3:18-cv-272-SLG, 2019 WL 1119632, at *2 (D. Alaska Mar. 11, 2019).
[18] *Ashelman*, 793 F.2d at 1075 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)).
[19] *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

R&R re Complaint
*Massey v. Spaan, et al.*
3:24-cv-00018-SLG-KFR
4
Case 3:24-cv-00018-SLG-KFR   Document 6   Filed 05/22/24   Page 4 of 6

1 corruptly."[20]  "A judge loses absolute immunity only when [the judge] acts in the
2 clear absence of all jurisdiction or performs an act that is not judicial in nature."[21]

3    Here, Plaintiff alleges that Judges Wolverton, Volland, and Spaan violated his
4 constitutional right to self-representation through their acts performed as part of
5 his state criminal proceeding.[22]  Namely, Plaintiff appears to allege that these
6 violations occurred during various hearings when Judges Wolverton and Volland
7 denied or refused to entertain Plaintiff's self-representation request, and when
8 Judge Spaan convicted and sentenced Plaintiff despite Plaintiff again raising the
9 issue of his self-representation.[23]  However, all three judges are immune from suit
10 based on statements, orders, or decisions they issued as judicial officers acting in
11 their official capacities.  Judicial immunity applies irrespective of whether Plaintiff
12 alleges that the judges acted erroneously, in bad faith, or even maliciously during
13 Plaintiff's state criminal proceeding.  Thus, Plaintiff's claims against Judges
14 Wolverton, Volland, and Spaan are deficient because these defendants cannot be
15 liable in a civil rights suit for acts undertaken while exercising their judicial
16 function.  Moreover, due to the nature of this deficiency, amendment of Plaintiff's
17 claims would be futile.[24]

18 //
19 //
20 //
21 //
22 //

---

[20] *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).
[21] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam), *cert. denied*, 488 U.S. 995 (1988).
[22] Doc. 1 at 4.
[23] *See* Doc. 1-1 at 9–11.
[24] *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (explaining that amendment is futile "only if no set of facts can be proved under [an] amendment to the pleadings that would constitute a valid and sufficient claim").

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted because it seeks relief against defendants who are absolutely immune from suit for their alleged acts. Furthermore, amendment of the Complaint would be futile. The Court therefore recommends that Plaintiff's Complaint be **DISMISSED with prejudice.**

DATED this 21st day of May, 2024, at Anchorage, Alaska.

*s/ Kyle E. Reardon*
KYLE E. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[25] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[26]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[27] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[28]

---

[25] 28 U.S.C. § 636(b)(1)(B).
[26] *Id.* § 636(b)(1)(C).
[27] *Id.*
[28] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).